**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE | : | No.: 1:15-cv-00062 |
| COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MARKEY BUILDERS, INC., | : | |
| and SUSQUEHANNA AUTOMATIC | : | |
| SPRINKLERS, INC., | : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

**August 7, 2015**

Pending before the Court is Defendant Markey Builders, Inc.'s partial

Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). (Doc. 11). For the reasons that follow, the Court will deny the

Motion.

## I.     PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on January 9, 2015.

(Doc. 1.). Plaintiff brought this action against Markey Builders, Inc., ("Markey"),

and Susquehanna  Automatic Sprinklers, Inc., ("Susquehanna"), setting forth

claims of negligence. (*Id.*).[1] Markey filed the instant Motion to Dismiss for a failure to state a claim on March 10, 2015. (Doc. 11). Specifically, Markey moves this Court to dismiss Plaintiff's claims regarding recklessness from the Complaint. The Motion has been fully briefed, (Docs. 14, 20), and is thus ripe for our review.

## II.   STATEMENT OF FACTS

In accordance with the standard of review applicable to a Rule 12(b)(6) Motion to Dismiss, the following facts are derived from the Complaint and are viewed in the light most favorable to Plaintiff.

Plaintiff Cincinnati Insurance Company ("Plaintiff") is an insurance company located in Ohio. (Doc. 1, ¶ 1). Plaintiff insures Gastroenterology Associates of York, P.C. ("G.A."). G.A. occupied a portion of a commercial building in York, Pennsylvania for conducting medical practice. (*Id.*, ¶¶ 7-9).

In August of 2010, Defendant Markey entered into a contract for construction services to be performed at G.A.'s York property, including installing an elevator. (*Id.*, ¶¶ 10-11). This required certain piping connected to a dry fire sprinkler system to be re-routed. (*Id.*, ¶ 12). Defendant Susquehanna was the

---

[1] On March 13, 2015, Defendant Susquehanna filed an Answer, including a counterclaim against Defendant Markey alleging that the damages supposedly sustained by Plaintiff's insured were caused by the negligence and carelessness on the part of Markey. (Doc. 13). Markey then filed its own Answer on April 1, 2015. (Doc. 19).

sprinkler contractor responsible for re-routing these pipes. (*Id.*, ¶ 13). The piping

in the area of the elevator, as originally constructed and installed, was pitched

upward to prevent water accumulation and allow it to drain back to the main drain.

(*Id.*, ¶ 14). To accommodate the installation of the elevator, additional piping was

installed in the sprinkler system to route it around the space occupied by the

elevator. As Plaintiff alleges, however, the piping was not properly pitched by the

Defendants. (*Id.*, ¶ 15). Water eventually accumulated in the sprinkler system; it

subsequently froze, thereby causing a failure in the piping and a release of water

into G.A.'s property. (*Id.*, ¶¶ 16-17). As a result, the property was damaged and

G.A. suffered business interruption and property losses. (*Id.*, ¶ 19). Plaintiff, as

G.A.'s insurer, made payments in the amount of $353,633.88. (*Id.,* ¶ 20). As a

result of these payments made pursuant to the insurance policy, Plaintiff is legally,

equitably, and contractually subrogated to the rights of its insured to the extent of

its payments. (*Id.*, ¶ 21).

## III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) contends that the complaint

has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P.

12(b)(6). In considering such motion, courts "accept all factual allegations as true,

construe the complaint in the light most favorable to Plaintiff, and determine

whether, under any reasonable reading of the complaint, Plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To resolve the motion, a court generally should consider only the allegations in the complaint, as well as "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation and internal quotation marks omitted).

In general, a Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give Defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration omitted)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To survive a motion to dismiss, "a civil plaintiff must allege facts that 'raise

4

a right to relief above the speculative level . . ..'" *Victaulic Co. v. Tieman*, 499

F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to

satisfy the plausibility standard, the complaint must indicate that a defendant's

liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of entitlement to

relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later

formalized in *Iqbal*, a district court must first identify all factual allegations that

constitute nothing more than "legal conclusions" or "naked assertion[s]."

*Twombly*, 550 U.S. at 564, 557. Such allegations are "not entitled to the

assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6)

motion to dismiss.  *Iqbal*, 556 U.S. at 679. Next, the district court must identify

"the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual

allegation[s]."  *Id.* at 680. Taking these allegations as true, the district judge must

then determine whether the complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears

unlikely that Plaintiff can prove those facts or will ultimately prevail on the

merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57).  Rule 8

"'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556). (3d Cir. 2013) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV.   DISCUSSION

The principal and indeed sole issue we must resolve at this stage of proceedings is whether Plaintiff's Complaint has adequately set forth a claim for recklessness. Plaintiff contends that its Complaint alleges sufficient facts to state a claim for recklessness; mainly, the failure of Markey and Susquehanna to sufficiently pitch the pipes to ensure that any accumulated water in the system would drain out.

Markey's main argument in its brief is that Plaintiff's only reason for asserting a claim of recklessness is to undergird a prayer for punitive damages. (Doc. 14, p. 6). However, as Plaintiff admits in its brief in opposition, it has *not* asserted a punitive damages claim, nor does it seek to recover them. (Doc. 20, p. 6).

Pennsylvania courts have consistently applied the Restatement (Second) of

Torts definition of recklessness.[2] *See Tayar v. Camelback Ski Corp.*, 616 Pa. 385,

402 (2012); *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 122 (2005). That

definition provides:

> The actor's conduct is in reckless disregard of the safety of
> another if he does an act or intentionally fails to do an act
> which it is his duty to the other to do, knowing or having
> reason to know of facts which would lead to a reasonable man
> to realize, not only that his conduct creates an unreasonable
> risk of physical harm to another, but also that such risk is
> substantially greater than that which is necessary to make his
> conduct negligent.

*Tayar*, 616 Pa. at 402 (quoting Rest. (Second) of Torts § 500 (1965)).

Recklessness requires a "conscious choice of a course of action, either with

knowledge of the serious danger to others involved in it or with knowledge of

facts which would disclose this danger to any reasonable man." *USAA Cas. Ins.*

*Co. v. Metropolitan Edison Co.*, 2014 WL 3534946, at *13 (M.D. Pa. July 16,

2014) (quoting Rest. (Second) of Torts § 500 cmt. g (1965)). The crucial issue in

determining liability is whether or not the defendant had reason to know of the

risk of harm created by his conduct. *Id.* Generally, it is the jury's role to determine

the extent of a defendant's knowledge under the circumstances. *Id.* (internal

---

[2] As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the matter *sub judice. Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

citations omitted).

Accepting the factual allegations as true and viewing the Complaint in the light most favorable to Plaintiff, as we must at this stage, we find that the Complaint provides sufficient facts to state a claim for recklessness against Markey and Susquehanna. Plaintiff alleges that Markey entered into a contract to provide construction services at G.A.'s property. (Doc. 1, ¶ 10). Markey was the general contractor. Markey's contract thus created a duty for the safe provision of construction services. Part of the construction contract included a provision for installation of an elevator. (*Id.*, ¶ 11). In order to install the elevator, some of the piping connected to a dry fire sprinkler system had to be rerouted; Susquehanna was the contractor responsible for rerouting these pipes. (*Id.*, ¶¶ 12-13). Plaintiff asserts that Markey and Susquehanna breached their duty to G.A. because the piping was installed without the proper pitch, (*Id.*, ¶ 15), which led to the pipes freezing and bursting, thereby causing damages to G.A.'s property. It is thus plausible to conclude that Markey, as the general contractor, recklessly breached its duty to supervise a safe installation of the piping, in that Markey knew or should have known that the failure to install the piping with proper pitch would create an unreasonable and highly probable risk of physical harm to G.A. and persons who occupied the physical space of the medical practice.

The Complaint raises a reasonable expectation that discovery may reveal evidence of reckless conduct. It would be difficult for Plaintiff to allege more facts related to the Defendants' state of mind and awareness of risk without the benefit of discovery. *See Fiorelli v. 2080019 Ontario, Inc.*, 2015 WL 3916611, at *2-3 (M.D. Pa. June 25, 2015)(denying motion to dismiss in order to allow discovery in support of plaintiff's recklessness and punitive damages claims). Further, whether Markey was consciously aware that the pipes needed to be pitched, or that a failure to do so could lead to a substantial risk of harm, are questions to be answered by the jury. It would therefore be inappropriate to dismiss Plaintiff's recklessness claims this early in the proceedings. We end by noting that if Plaintiff fails to uncover such evidence of recklessness in discovery, we are confident that Defendants will revisit this issue at the summary judgment stage of this case.

## V.    CONCLUSION

In light of the foregoing, we will deny the Defendant's Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    Defendant's Motion to Dismiss, (Doc. 11), is **DENIED** in its entirety.

s/ John E. Jones III
John E. Jones III
United States District Judge